IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL REYNA | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-084 |
| | § | |
| NUECES COUNTY SHERIFF'S DEPT., | § | |
|    Respondent. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is currently incarcerated at the Nueces County Jail in Corpus Christi, Texas. Proceeding pro se, petitioner asserted a claim based on a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although he asserts that he is indigent, he has not filed a motion to proceed in forma pauperis. Pending is petitioner's motion for appointment of counsel. (D.E. 2).

There is no constitutional right to counsel in federal habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991) (petitioner did not have "constitutional right to counsel of appeal from state habeas trial court judgment"); Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (citing Coleman); Johnson v. Hargett, 978 F.2d 855, 859 & n.14 (5th Cir. 1992) (same). In Pennsylvania v. Finley, 481 U.S. 551 (1987), the Supreme Court explained that there is no right to the appointment of counsel for a petitioner seeking habeas corpus review:

> Our cases establish that the right to appointed counsel

> extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

Id. at 555.

Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner's request for counsel is premature. At this stage of his case, there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel, (D.E. 2), is DENIED without prejudice.

ORDERED this 21st day of February 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE